NEDOW v. PORTER.

HIGHWAYS—PROCEEDINGS TO ESTABLISH—NOTICE.

Where land has been occupied and held adversely for 18 years by one claiming to be the owner, it is not necessary, in order to lay out a highway on such land, to serve the statutory notice on others claiming an interest therein.

Error to Leelanaw; Aldrich, J., presiding. Submitted November 15, 1899. Decided December 21, 1899.

Trespass *quare clausum* by Joseph Nedow against Frank J. Porter. From a judgment for defendant, plaintiff brings error. Affirmed.

*J. J. Tweddle*, for appellant.

*C. L. Dayton*, for appellee.

LONG, J. Defendant is highway commissioner, and is charged by the plaintiff with trespass in cutting and removing certain wire fences for the purpose of opening a highway which defendant, as commissioner, had previously laid out and established. The only question is whether the proceedings to lay out said highway were in accordance with the statute. It is contended by plaintiff (1) that the commissioner had no jurisdiction, because no notice was served upon Mr. and Mrs. Paulus, or Mr. Doty, a nonresident; (2) that the notice to nonresidents was insufficient, in that it did not name the persons to whom it was directed; (3) that there was no proper tender of damages to plaintiff. Defendant had verdict and judgment. Plaintiff brings error.

1. It was not necessary to serve notice upon Mr. and Mrs. Paulus or upon Mr. Doty. The land in which it is claimed they had an interest was occupied exclusively by Mr.

Nedow, the father of the plaintiff, and had been so occupied for more than 18 years prior to the time the highway was laid out. It was a strip of land 20 feet wide, and an orchard had been set out there years before, and the entire strip fenced in and occupied by Nedow, for the entire period, as a part of his farm; and he claimed to own it, and occupied it adversely to Paulus and his wife and Mr. Doty.

2. It therefore appears that no notice was necessary to Mr. Doty, as a nonresident. It is also conceded that the plaintiff had notice, appeared at the meeting, and made no such objection as to nonresidents as he now seeks to raise.

3. Defendant testified that he tendered the damages to the plaintiff, and the question was properly submitted to the jury.

We find no error in the case. Judgment must be affirmed.

The other Justices concurred.